IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **RON HAYES** | § | |
| | § | |
| **V.** | § | No.  5:05CV195 |
| | § | |
| **LAROY THOMAS, INC.** | § | |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636.  The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Defendant filed objections to the Report and Recommendation.  The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

## BACKGROUND

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et. seq.* ("Title VII") and Title I of the Civil Rights Act of 1991 in which Ron Hayes ("Plaintiff") alleges Laroy Thomas, Inc. ("Defendant") violated Title VII by subjecting him to a racially hostile work environment based upon his race - African American.  Plaintiff further alleges he was fired by Defendant for filing a race discrimination charged with the Equal Employment Opportunity Commission ("EEOC").

The Equal Employment Opportunity Commission has also asserted a Title VII cause of action in this Court for racial discrimination, alleging Defendant violated Title VII by subjecting Raymond Jackson, a black co-worker of Hayes, to a racially hostile work environment based upon his race (*See*

Cause No. 5:05cv183).[1] Dwight Harrison was the alleged harasser of both Hayes and Jackson.

Defendant moved for summary judgment, seeking the dismissal of Hayes' claims against it. In its motion for summary judgment, Defendant asserted Dwight Harrison was a co-worker of Hayes, not Hayes' supervisor, and thus Defendant can be held liable for the alleged racial harassment only if it is proved Defendant knew of should have known of the alleged harassment and failed to take proper remedial action. Defendant asserted it took proper remedial action immediately upon learning of the alleged harassment in question.

## REPORT AND RECOMMENDATION

In her Report and Recommendation dated December 19, 2006, the Magistrate Judge recommended Defendant's motion for summary judgment be denied. The Magistrate Judge first defined the term "supervisor" to be applied by the Court and given the jury in this case. Then, the Magistrate Judge found sufficient evidence to create a genuine issue of material fact that Harrison was Plaintiff's "supervisor." The Magistrate Judge then assumed the jury finds Harrison was a co-worker and that the negligence standard applies. Making this assumption, the Magistrate Judge found sufficient evidence to create a genuine issue of material fact that Defendant knew or should have known of the alleged harassment and failed to take prompt remedial action. Finally, the Magistrate Judge considered Hayes' retaliation claim and found there are material issues of fact.

## OBJECTIONS

Defendant filed objections to the Magistrate Judge's recommendation that Defendant's Motion and Notice of Motion for Summary Judgment (Dkt No. 20) be denied. Specifically,

---

[1] The cause of action regarding Jackson has been referred to the Magistrate Judge for all purposes in accordance with 28 U.S.C. § 636(c) and the consent of the parties.

Defendant objects to the Magistrate Judge's definition of "supervisor" as set forth on pages 23-24 of the Report and Recommendation. Defendant further objects to certain other findings of the Magistrate Judge. For example, Defendant objects to the finding on page 26 of the report that Laroy Thomas testified he consulted with Harrison regarding hiring, firing, and demoting employees and that Harrison was substantially involved in employment decisions affecting the individuals he supervised. In addition, relying upon *Ash v. Tyson Foods, Inc.*, 126 S.Ct. 1195 (2006), Defendant objects to the Magistrate Judge' s finding on page 30 of the report that the phrase "nappy headed" can be construed as a racial slur in the case at hand.

## *DE NOVO* REVIEW

The Court agrees with the Magistrate Judge's definition of "supervisor" and also finds the evidence is sufficient to create a fact issue that Harrison was Plaintiff's "supervisor." In the event the jury finds Harrison was a co-worker and that the negligence standard applies, the Court finds sufficient evidence to create a genuine issue of material fact that Defendant knew or should have known of the alleged harassment and failed to take prompt remedial action.

Defendant objects to, among other things, the Magistrate Judge' s finding on page 30 of the report that the phrase "nappy headed" can be construed as a racial slur in the case at hand. Defendant asserts Plaintiff has presented no evidence of the various *Ash* factors including context, inflection, tone of voice, local custom, and historical usage.

In *Ash v. Tyson Foods, Inc.*, 126 S.Ct. 1195 (2006), two African-American employees brought Title VII and § 1981 race discrimination claims against their employer arising from their non-promotion to shift manager positions. The United States District Court for the Northern District of Alabama granted the employer's renewed motion for judgment as a matter of law, and

alternatively granted the employer's motion for a new trial. The United States Court of Appeals for the Eleventh Circuit affirmed in part and reversed in part. The Supreme Court held the Court of Appeals erred in two respects, requiring that its judgment be vacated and the case remanded for further consideration.

Regarding the first error, the Supreme Court noted there was evidence that Tyson's plant manager, who made the disputed hiring decisions, had referred on some occasions to each of the petitioners as "boy." *Ash*, 126 S.Ct. 1195, 1197. The petitioners argued this was evidence of discriminatory animus. *Id.* The Court of Appeals disagreed, holding that "[w]hile the use of 'boy' when modified by a racial classification like 'black' or 'white' is evidence of discriminatory intent, the use of 'boy' alone is not evidence of discrimination." *Id.*

On appeal, the Supreme Court stated as follows:

> Although it is true the disputed word will not always be evidence of racial animus, it does not follow that the term, standing alone, is always benign. The speaker's meaning may depend on various factors including context, inflection, tone of voice, local custom, and historical usage. Insofar as the Court of Appeals held that modifiers or qualifications are necessary in all instances to render the disputed term probative of bias, the court's decision is erroneous.

*Id.*

The Court is not convinced Plaintiff must present evidence on the *Ash* factors as urged by Defendant. Instead, the Court considers the factors and agrees with the Magistrate Judge that Harrison's meaning in using the term "nappy headed" can be construed as a racial slur in this case.

Finally, the Court finds there are material issues of fact regarding Hayes' retaliation claim. Defendant's objections are without merit. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is

hereby

      **ORDERED** that Defendant's Motion and Notice of Motion for Summary Judgment (Dkt. No. 20) is **DENIED**.

      **SIGNED this 11th day of January, 2007.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE